## The PEOPLE of the State of Colorado, Complainant,

v.

## Michael F. HALL, Attorney–Respondent.

### No. 91SA101.

Supreme Court of Colorado, En Banc.

May 6, 1991.

Linda Donnelly, Disciplinary Counsel, Joann R. Long, Investigative Counsel, Denver, for complainant.

Michael F. Hall, pro se.

PER CURIAM.

In this disciplinary proceeding, respondent Michael F. Hall and the investigative counsel entered into a Stipulation, Agreement, and Conditional Admission of Misconduct. The stipulation recommends that a suspension in the range of one year and one day to three years be imposed upon the respondent. The inquiry panel of the Supreme Court Grievance Committee approved the stipulation and recommended that the respondent be suspended for two years. We agree with the inquiry panel's recommendation and order that the respondent be suspended from the practice of law for two years.

I.

The respondent, Michael F. Hall, was admitted to the bar of the Supreme Court of the State of Colorado in 1974, and is registered upon the official records of this court under registration number 05234. He is therefore subject to the jurisdiction of this court and its Grievance Committee in these disciplinary proceedings.

The stipulation in this matter contains three counts of misconduct by the respondent. The respondent admits to the facts and conclusions set forth in each of the three counts.

Count One states that on or about June 16, 1989, Joy Rowe retained the respondent to collect a foreign judgment obtained against her former husband, who is a Colorado resident. Rowe's Indiana attorney, John W. Ballentine, sent the respondent a $400 retainer fee for his services. From September 1989 to January 1990, Ballentine wrote to the respondent on three separate occasions to ascertain the progress on Rowe's case. On December 29, 1989, Ballentine met with the respondent while on a trip to Colorado, at which time the respondent assured Ballentine that he would proceed with the collection of Rowe's foreign judgment. The respondent failed to take any action on the matter. After the request for investigation of the respondent was filed, the respondent wrote a letter to Rowe on August 21, 1990, in which he admitted that he had not been diligent in

handling her case and returned her exemplified copies of the foreign judgment, along with the $400 retainer.

Count Two provides that, in November 1984, the respondent undertook representation of Timothy Cookson and agreed to institute a foreclosure action on property owned by Cookson. During the following two years, the respondent made repeated excuses to Cookson for his failure to complete the foreclosure action. In May 1987, the respondent admitted to Cookson that he had lied about the progress of the case and had, in fact, never filed the foreclosure action. In June 1987, the respondent finally filed the foreclosure action, but failed to complete the process to foreclose on Cookson's property. On April 1, 1988, the respondent signed a letter agreement with Cookson in which he admitted that he had improperly represented Cookson in the foreclosure matter and that his failure to pursue the action diligently resulted in significant damages to Cookson. The respondent executed a promissory note to Cookson in the amount of $62,682 secured by a second mortgage on the respondent's home and a lien on his automobile. From April 1988 through October 1989, the respondent paid $13,460 to Cookson, but thereafter defaulted on the remaining amount owed under the promissory note. In a second letter agreement dated August 1, 1989, the respondent further admitted that his negligence damaged Cookson in the amount of $100,000.

Finally, Count Three stipulates that the respondent filed a lawsuit in Adams County on behalf of Gladys Nielson alleging personal injuries and property damage resulting from an automobile accident. On the day of trial, August 20, 1990, the respondent advised the court that he was not prepared for trial and requested a continuance, which the court granted. The respondent had not subpoenaed any of the witnesses needed to testify at trial. Nielson is presently retaining other counsel to pursue her claim.

The respondent admits that his misconduct described in the three counts of the stipulation violated the Code of Profession-al Responsibility DR 1–102(A)(4) (engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 6–101(A)(3) (neglect a legal matter entrusted to attorney); DR 7–101(A)(2) (fail to carry out a contract of employment); and DR 7–101(A)(3) (prejudice or damage client during professional relationship).

## II.

In the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) [hereinafter ABA *Standards*], Standard 4.42(a) provides that, absent aggravating or mitigating circumstances, suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client. Under Standard 4.62, suspension is generally appropriate when a lawyer knowingly deceives a client and causes injury or potential injury to the client.

The inquiry panel found the existence of the following four aggravating factors under Standard 9.2: (1) prior disciplinary offense (the receipt of a letter of admonition in April 1982); (2) a pattern of misconduct; (3) multiple offenses; and (4) substantial experience in the practice of law.

The mitigating factors under Standard 9.3 noted by the inquiry panel are: (1) absence of a selfish or dishonest motive; (2) personal or emotional problems, (3) timely good faith effort to make restitution or rectify consequences of misconduct; (4) full and free disclosure to disciplinary board or cooperative attitude toward proceedings; (5) physical or mental disability or impairment; (6) imposition of other penalties or sanctions; (7) remorse; and (8) remoteness of prior offense.

The respondent claims that his misconduct in the Cookson case was due in large part to a heart attack that he suffered in 1986. Moreover, the respondent states that he suffers from severe depression over disillusionment with clients, inability to collect fees, and the practice of law in general. It is unlikely that the respondent will engage in further misconduct based on his statements that he is in the process of

closing his practice and is now representing only two clients.

The stipulation admitted that, under the circumstances, suspension in the range of one year and one day to three years was appropriate. The inquiry panel approved the stipulation and recommended that a two-year suspension be imposed. We approve the inquiry panel's recommendation, and order that the respondent be suspended from the practice of law for a period of two years, which term shall commence thirty days after publication of this opinion. *See* C.R.C.P. 241.21(a).